## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL WILSON, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:13-cv-4481 |
| v. | ) ) | |
| MIDWEST TITLE LOANS, INC., SELECT MANAGEMENT RESOURCES, LLC and ROD AYCOX | ) ) ) | (JURY TRIAL DEMANDED) |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Crystal Wilson, individually and on behalf of all other similarly situated employees, by and through her counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), and as a Class Action pursuant to the Federal Rules of Civil Procedure, Rule 23 and in accordance with Illinois state wage and hour law against Defendants, their subsidiaries and affiliates, and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

2.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants reside in and conduct business within this District.  In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

5.      Crystal Wilson is a resident of Illinois and worked for Defendants during the applicable statute of limitations period.  Crystal Wilson was employed by Defendants as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).  Defendants titled Ms. Wilson a "manager" and misclassified her as exempt from state and federal wage laws.

6.      Crystal Wilson brings this case on behalf of herself and other similarly situated employees who currently work, or who worked as "managers" or any other similarly titled position at any time during the applicable statutory periods for the Defendants.

7.      Defendant, Midwest Title Loans, Inc., (Midwest Title") is a title loan company that operates nearly 1,000 stores in more than 20 states nationwide.  Midwest Title is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

8.      Defendant, Select Management Resources, LLC provides management services for Midwest Title and is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

9.      Defendant, Rod Aycox, ("Aycox") is the owner of Midwest Title and was involved in the day to day business operations of Midwest Title, and had authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour matters.  At all relevant times, Aycox acted and had responsibility to act on behalf and in the interests of Midwest Title in devising, directing, implementing and supervising the wage and hour practices and policies relating to

2

employees, including the classification of managers as exempt. As such, at all times hereinafter mentioned, Defendant, Aycox has been and is an "employer" as defined by 29 U.S.C § 203(d) of the Fair Labor Standards Act.

## FACTUAL BACKGROUND

10. Plaintiff and class members are individuals who have worked for Defendants as managers or any other similarly titled position during the statutory period. Plaintiff and class members all shared similar job titles, training, job descriptions, job requirements and compensation plans, amongst other things.

11. Defendants managed Plaintiff's and class members' work, including the amount of hours they worked. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

12. Plaintiff and all class members were misclassified by Defendants as exempt under the FLSA and Illinois wage laws and paid a fixed salary. Plaintiffs were misclassified because they did not meet the tests for exemption under state or federal law.

13. Despite the requirement to do so, Defendant failed to keep accurate records of the time actually worked by the Plaintiff and class members.

14. Defendants improperly failed to pay Plaintiff and class members all compensation rightfully due, including overtime pay when they worked in excess of 40 hours per week.

15. Defendants knew, and were aware at all times, of the above mentioned violations.

16. The conduct alleged above reduced Defendants' labor and payroll costs.

17. Plaintiff and class members were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to misclassify them as exempt and deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiff

and class members in accordance with the requirements of federal and state wage and hour laws, Plaintiff and class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATONS

18.     Representative Plaintiff, Crystal Wilson, brings this case as a collective action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

19.     The proposed opt-in collective class of similarly situated persons is defined as:

> All individuals who were employed, or are currently employed, by the Defendants, its subsidiaries or affiliated companies, as managers or any other similarly titled positions, at any time during the relevant statute of limitations period.

20.     This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, training requirements, job duties, Defendants' misclassification as exempt, Defendants' failure to pay overtime hours, and the wage and hour violations alleged in this Complaint, amongst other things.

21.     Defendants encouraged, suffered and permitted the representative Plaintiff and the collective class to work more than forty (40) hours per week without the proper overtime compensation.

22.     Defendants knew that the representative Plaintiff and the collective class performed work that required overtime compensation to be paid.  Nonetheless, Defendants operated under a scheme, as described above, to deprive the representative Plaintiff and the collective class of overtime compensation.

4

23.     Defendants' conduct, as alleged herein, was willful and has caused significant damage to the representative Plaintiff and the collective class.

24.     Defendants are liable under the FLSA for failing to properly compensate the representative Plaintiff and the collective class. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

25.     Plaintiff estimates that there are at least several hundred members of the collective class. The precise number of collective class members can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendants' stores.

## CLASS ALLEGATIONS

26.     Representative Plaintiff brings claims for relief on her own and as a class action pursuant to Rule 23(a) and Rule 23(b). The class is defined as:

> All individuals who were employed, or are currently employed, by the Defendants, its subsidiaries or affiliated companies, as managers or any other similarly titled position at any time during the relevant statute of limitations period.

27.     This action is properly maintainable as a class action because:

    a.  The class is so numerous that joinder of all members is impracticable;

    b.  There are questions of law or fact that are common to the class;

    c.  The claims or defenses of the representative Plaintiff are typical of the claims or defenses of the class; and,

      d.   The Representative Plaintiff will fairly and adequately protect the interests of the class.

## Numerosity

28.     On information and belief, the total number of putative class members represents at least one hundred individuals.  The exact number of class members may be determined from Defendants' records.

## Commonality

29.     There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

      a.   Whether Defendants misclassified Plaintiff and other class members as exempt;

      b.   Whether Defendants failed to keep true and accurate time records for all hours worked by the class members;

      c.   Whether Defendants failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

      d.   Whether Defendants failed to compensate class members for all work performed in excess of 40 hours per work week with overtime premium wages; and,

      e.   Whether the Defendants willfully failed to comply with state wage and hour laws.

30.     Plaintiff anticipates that Defendants will raise defenses that are common to the class.

## Adequacy

31.     The Representative Plaintiff will fairly and adequately protect the interests of the class. She has retained experienced counsel that are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

**Typicality**

32.     The claims asserted by the Representative Plaintiff are typical of the class members she seeks to represent. The Representative Plaintiff has the same interest and suffers from the same injuries as the class members.

33.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

**Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits**

34.     The common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendants' alleged underlying activities and the impact of their policies and practices affected class members in the same manner: they were subjected to a policy misclassifying them as exempt and denying them overtime pay.

35.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying

adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

36.     Plaintiff incorporates by reference all preceding paragraphs.

37.     The Representative Plaintiff and other managers are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

38.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

39.     Plaintiff and class members worked in excess of 40 hours per week for the Defendants, but were not properly paid overtime wages in violation of the FLSA.

40.     Through its actions, policies and practices, Defendants violated the FLSA by misclassifying the Representative Plaintiff and other managers as exempt when they did not meet the tests for exemption.

41.     Defendants violated the FLSA by regularly and repeatedly failing to properly compensate the Plaintiff and class members for the actual overtime they worked each week.

42.     Defendant also willfully failed to pay overtime pay and other benefits to the Plaintiff and class members by failing to keep accurate time records to avoid paying them overtime wages and benefits.

43.     The foregoing actions of Defendants violated the FLSA.

44.     Defendants' actions were willful and not in good faith.

45.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

46.     Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

47.     Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## COUNT II

### VIOLATION OF ILLINOIS MINIMUM WAGE LAW

48.     Plaintiff incorporates by reference all preceding paragraphs.

49.     Plaintiffs are a member of a class that meet the requirements for certification and maintenance of a class action pursuant to Rule 23.

50.     Defendants are "employers" and Plaintiffs and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq.*

51.     The IMWL, 820 ILCS §§105 *et seq.*, requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

52.     Defendants violated IMWL, 820 ILCS §§105 *et seq.*, by regularly and repeatedly failing to properly compensate Plaintiff and class members for the overtime they worked each week.

53.     Defendants violated IMWL, 820 ILCS §§105 *et seq.*, by failing to maintain accurate records of all hours worked by Plaintiff and class members.

54.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer lost wages and other damages.

55.     Plaintiff and class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, CRYSTAL WILSON, individually and on behalf of all others similarly situated, by and through her attorneys demands judgment against the Defendants and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.      Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, email addresses and home addresses of all managers or any other similarly titled position who have worked for the Defendants within the last three years;

B.      Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all managers or any other similarly titled position who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of regular wages and overtime compensation, as required by the FLSA;

C.      Certify a class for Counts I and II of all individuals who are currently employed managers or similarly titled positions or were so employed and classified by the Defendants, its subsidiaries or affiliated companies as managers or other similar positions performing similar responsibilities for the Defendants at any time during the relevant statute of limitations period.

D.      Appoint Stephan Zouras, LLP as counsel for the Plaintiffs;

E.      Declare and find that the Defendant committed one or more of the following acts:

      i.   Violated provisions of the FLSA by failing to pay overtime wages and other benefits to Plaintiff and similarly situated persons who opt-in to this action;

     ii.   Willfully violated provisions of the FLSA; and

   iii.   Violated the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.,* by failing to pay overtime wages to Plaintiff and class members.

F.     Award compensatory damages, including all overtime pay owed, in an amount according to proof;

G.     Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H.     Award liquidated damages on all compensation due accruing from the date such amounts were due;

I.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

J.     Grant leave to amend to add claims under applicable state and federal laws;

K.     Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

L.     For such further relief as the Court deems just and equitable.

Dated: June 18, 2013          Respectfully Submitted,


*/s/ Ryan F. Stephan*
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
www.stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing **COMPLAINT** was filed via this Court's ECF filing system, this 18th day of June, 2013.

/s/ *Ryan F. Stephan*
Ryan F. Stephan